73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bhartur N. PREMACHANDRA, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3357.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1995.
 
 Before RICH, MAYER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dr. Bhartur N. Premachandra appeals a decision of the Merit Systems Protection Board, Docket No. SL-0351-90-0023-C-1, holding that the Department of Veterans Affairs (VA) did not breach its settlement agreement with Premachandra when it declined to renew his term appointment as a research chemist. We affirm.
 
 BACKGROUND
 
 2
 In 1990, Premachandra and the VA entered into a settlement agreement, which provided that the VA would reappoint Premachandra to subsequent term appointments if he received either (1) a "fundable priority score" from the VA on his research proposals or (2) written approval for significant research funding from a nationally recognized organization with a peer review system comparable to the VA's peer review system. After failing to receive a fundable priority score from the VA, Premachandra told his supervisor, Dr. Giddings, that a fundable priority score from an outside agency, with or without a commitment for funding, should be the equivalent of a VA fundable score under the agreement. Premachandra subsequently received a fundable priority score but no approval for funding from the American Heart Association. The VA then notified Premachandra that his appointment would be terminated. Premachandra continued to express his view to Dr. Giddings that, for purposes of the settlement agreement, the outside agency's fundable priority score should be regarded as equivalent to a fundable priority score from the VA. Dr. Giddings agreed to convey Premachandra's position to the VA's Director of Medical Research Services, Dr. Albert.
 
 
 3
 Although Premachandra's funding expired in March 1993, he appealed the VA's denial of a fundable score, and the VA continued his salary for an additional year pursuant to standard VA procedure. In an October 1993 memorandum addressed to the "Director, VAMC," Dr. Albert stated that funding for Dr. Premachandra beyond March 1994 "will be contingent upon [Premachandra's] successful merit review and a fundable priority score." In early 1994, Premachandra again received a fundable score from an outside agency, but no funding. The VA declined to renew Premachandra's appointment, and he was terminated in April 1994.
 
 
 4
 Premachandra petitioned the Board to enforce the settlement agreement. He argued that Dr. Albert's internal memorandum and the VA's continuation of his term appointment effectively modified the settlement agreement so as to provide that the VA would renew his appointment as long as he obtained a fundable score from either an outside source or the VA. Premachandra also maintained that he would have made more deliberate efforts to obtain funding from an outside source, rather than just a fundable score, had he not relied on the purported modification in the terms of the agreement.
 
 
 5
 The administrative judge found that the agreement had not been modified and that Premachandra's claimed reliance on the asserted modification in the agreement was unreasonable. The administrative judge's decision became final when the full Board denied review.
 
 DISCUSSION
 
 6
 We agree with the Board that Premachandra's claims are without merit. The VA was not required to terminate Premachandra immediately when he failed to satisfy the settlement agreement, at the risk of waiving its right to insist on enforcing the agreement by its terms. The agency's willingness to retain Premachandra for a period of time after his funding expired indicates flexibility on the part of the agency, not a decision to modify the agreement; the extension of his term after March 1993 was never represented as an abandonment of the settlement agreement, and it did not give Premachandra reasonable grounds for failing to vigorously pursue outside agency funding.
 
 
 7
 Nor did the internal memorandum from Dr. Albert to the director of the local VA facility have the effect of modifying the settlement agreement. That memorandum stated in part that additional funding for Premachandra would be contingent upon "successful merit review and a fundable priority score." A reasonable person could not conclude that the one-sentence statement in Dr. Albert's October 1993 memorandum, which was not addressed to Premachandra, expressed the agency's intention to modify the terms of the settlement agreement. Instead, Dr. Albert's characterization of the terms under which further funding would be provided is more reasonably viewed as a shorthand allusion to the terms of the settlement agreement that continued to bind the parties. Accordingly, neither the October 1993 memorandum nor any other action by the agency had the effect of modifying the settlement agreement to require the extension of Premachandra's term appointment if he received a fundable score from an outside source. The agency was therefore entitled to rely on the terms of the written settlement agreement in terminating Premachandra's appointment.
 
 
 8
 Finally, there is no merit to Premachandra's argument that the administrative judge erred by failing to discuss the evidence in this case in sufficient detail. The administrative judge's six-page opinion specifically noted and rejected Premachandra's argument that there was a written modification of the settlement agreement. That was sufficient to address the evidence and legal argument presented by Premachandra with respect to the effect of Dr. Albert's October 1993 memorandum on the terms of the settlement agreement between the parties.